Rembold v. White.

## EXECUTORS AND ADMINISTRATORS.

[Hamilton (1st) Circuit Court, March 17, 1906.]

Jelke, Swing and Giffen, JJ.

### C. H. REMBOLD, ADMR. v. SOPHIA G. WHITE, ADMX.

1. ADMINISTRATOR CONTINUING BUSINESS OF ESTATE WITHOUT AUTHORITY—CLAIMS OF HEIRS FOR SERVICES AND MONEY ADVANCED ALLOWABLE AGAINST SPECIAL AS- SETS IF CONTRIBUTING TO THE BENEFIT OF THAT PART OF THE ESTATE.

Where an administrator continues the business of the decedent in good faith, at a profit, a subsequent administrator *de bonis non* will not be permitted to deny the validity of claims presented by sons and heirs of the decedent on account of services rendered and money advanced in con- nection with the business and which resulted in increasing that part of the estate. *Lucht* v. *Behrens*, 28 Ohio St. 231, applied.

2. CONDUCT OF BUSINESS BY ADMINISTRATOR WITHOUT AUTHORITY—HEIRS CLAIM- ING FOR MONEY ADVANCED AND SERVICES RENDERED MUST SHOW PROFIT AND BENE- FIT TO THAT PART OF THE ESTATE INVOLVED IN BUSINESS.

Where the business of the decedent has been carried on without any author- ization of law, heirs who joined therein, although acting in the best of faith, will be charged with knowledge of the want of capacity of the administrator, and cannot thereafter assert their claims for contributions of money or services either against the general assets of the estate, in preference to the claims of original creditors, or against the assets thus embarked in the business, in the absence of a showing that the business was conducted át a profit and that the services rendered and the money advanced inured to the benefit of that part of the estate so embarked in the business.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

W. T. Porter, for plaintiff in error.

Alex Murray, for defendant in error.

JELKE, J.

It appears that Arthur E. White and Florence C. White, admin- istrators of the estate of Alfred White, deceased, undertook and did, for a period of time, carry on the business of their decedent on West Fifth street, in this city, without any authority of law. That during this time, Walter T. White and Alfred R. White performed certain services and advanced money in connection with said business so car- ried on after the death of their father, Alfred White, deceased.

Subsequently, there was an auction sale of the personal assets of the estate at which the said Walter T. White and Alfred R. White bought in certain articles, and in payment therefor gave their promis- sory notes. These notes are in the hands of C. H. Rembold, administra- tor *de bonis non,* and in an action upon the same in the court below, the defendants set up as an offset against the amounts of these notes,

Hamilton County.

their claims against the administrators for the services performed and moneys advanced as above set forth. The administrator *de bonis non* denied their right to make such set-off.

The law in this case is indicated by the decision in the case of *Lucht* v. *Behrens*, 28 Ohio St. 231 [22 Am. Rep. 378], the first and second proposition of the syllabus being as follows:

"Where the executor of an estate, who is not authorized to do so, takes the personal assets of his testator, and uses them in carrying on the former trade and business of the testator for a series of years, for the purpose of making money to be used in paying the debts and supporting the family of the testator, consisting of a widow and minor children, and also for the purpose of keeping up the business for the minor sons when they should be old enough to take charge of it, and in so doing, pays off all the debts of the testator: *Held,* that the general assets of the testator in the hands of an administrator *de bonis non,* are not liable for money borrowed by the executor for, and used in carrying on such trade and business, though the executor acted in good faith.

"The general estate, real and personal, of the testator, not embarked in such business, cannot be subjected to the liabilities incurred in its prosecution in the absence of clear and explicit authority conferred by the will, even though the executor acted in good faith."

There is no doubt that the general assets of the estate of Alfred R. White, deceased, cannot be subjected to these claims of Alfred R. White and Walter T. White. This decision of the Supreme Court seems to recognize a difference and distinction between the general assets of the estate and the assets embarked in the business. We incline to the opinion that this decision of the Supreme Court will justify us in saying that if the administrators carried on this business in good faith at a profit, and the services rendered and money advanced inured to the benefit of, and increased that part of the estate so embarked in the business, that the administrator *de bonis non* would not be permitted to deny the claims of those who had contributed to that part of the estate by their services and money.

Although the administrators acted in good faith in conducting this business, they did so absolutely without authorization in law, and Walter T. White and Alfred R. White doing business with them, and being sons and heirs of the decedent, were certainly charged with the knowledge of the administrators' want of capacity. The administrators conducted this business at their peril, and Walter T. White and Alfred R. White, although acting in the best of faith, were likewise sub-

Rembold v. White.

ject to the same peril. If said business lost money, Walter T. White and Alfred R. White cannot assert their claims as charges upon this part of the assets or the general assets in preference to the claims of original creditors. The record does not disclose whether or not all the personal assets of the estate of Alfred White were embarked in this business, or whether it was a separate and definite part of the same; neither does it disclose whether this business made or lost money; nor does it disclose whether or not the goods purchased by Walter T. White and Alfred R. White were part of the assets of the estate embarked in the business, or part of the general assets. Giving the law the most favorable possible construction, for said Walter T. White and Alfred R. White, the record does not bring this case within such construction. Whatever may have been the reciprocal rights between the administrators and Walter T. White and Alfred R. White, their only claim against the administrator *de bonis non* would be on account of a charge which they were entitled to assert upon the assets which pass into his hands, and we do not find that the testimony in the record reveals such legal charge.

We are, therefore, of the opinion that this case should be reversed.

**Swing** and **Giffen, JJ.,** concur.